# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNON W. RECTOR, | ) 1:12cv0480 AWI DLB |
| | ) |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING DISMISSAL OF ACTION |
| v. | ) |
| | ) |
| JUDGE DONALD J. PROIETTI, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Channon W. Rector ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action to vacate a state court judgment on March 29, 2012.  Doc. 1.  He names Judge Donald J. Proietti and the Merced County Superior Court as defendants.  For the reasons discussed below, the Court recommends that Plaintiff's action be dismissed without leave to amend.

## DISCUSSION

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

1

1  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

2  cured by amendment.

3        In reviewing a complaint under this standard, the Court must accept as true the allegations

4  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

5  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

6  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8  B.    Summary of Complaint

9        Plaintiff seeks to vacate judgments entered against him in Merced County Superior

10  Court.  He claims that he asserted a challenge to subject matter jurisdiction in the underlying

11  actions, which the named plaintiff failed to overcome.  He seeks compensation from Judge

12  Donald J. Proietti.

13  C.    Analysis

14      1.   *Preclusion*

15        Plaintiff's claim seeking relief from any state court judgment is precluded by the Rooker-

16  Feldman doctrine.  See, e.g., Bianchi v. Rylaarsdam, 334 F.3d 895, 900-01 (9th Cir. 2003).  The

17  Rooker-Feldman doctrine bars a federal district court "from exercising subject matter jurisdiction

18  over a suit that is a de facto appeal from a state court judgment."  Wolfe v. Strankman, 392 F.3d

19  358, 363 (9th Cir. 2004), citing Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

20  As Plaintiff essentially seeks to appeal or to undo a state-court adverse judgment, his claim is

21  barred by Rooker-Feldman.

22      2.   *Judge Proietti*

23        Insofar as Plaintiff requests compensation from Judge Proietti based on the entry of

24  judgment or Plaintiff's status as a judgment debtor, he may not do so.  Judges are absolutely

25  immune from damages actions for judicial acts taken within the jurisdiction of their courts.

26  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409,

27  418 (1976). "As long as the judge's ultimate acts are judicial actions taken within the court's

28  subject matter jurisdiction, immunity applies."  Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.

1  1986).  Plaintiff's claim regarding his adverse judgment is not sufficient to prevent the

2  application of judicial immunity.

3       3.   <u>Right to Amend</u>

4       Based on the facts alleged, Plaintiff cannot prevail his claim and it appears granting leave

5  to amend the complaint would be futile.  Dismissal of a pro se complaint for failure to state a

6  claim is proper where it is obvious that the plaintiff cannot prevail on the facts that he has alleged

7  and that an opportunity to amend would be futile.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir.

8  2000) (en banc).  Accordingly, the Court recommends that the complaint be dismissed without

9  leave to amend for failure to state a claim.

10           **<u>CONCLUSION</u>**

11      For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed

12 without leave to amend.

13      These Findings and Recommendations will be submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen**

15 **(14) days** after being served with these Findings and Recommendations, Plaintiff may file

16 written objections with the Court.  The document should be captioned "Objections to Magistrate

17 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

18 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.

19 Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

20      IT IS SO ORDERED.

21   **Dated:**   __April 23, 2012__       __/s/ **Dennis L. Beck**__
                              UNITED STATES MAGISTRATE JUDGE